Jeffrey B. Neustadt (SBN 57889)
LAW OFFICES OF JEFFREY B. NEUSTADT
2740 Van Ness Ave, STE 300
San Francisco, CA, 94109
Telephone: (415) 434-4440
FAX: (415) 962-4221
email: jbneustadtlaw@sbcglobal.net

Attorney for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

ZANGLE INC

                     Debtor.

Case No.:
(Chapter 11)

**PLAN OF REORGANIZATION**

## INTRODUCTION

This plan of reorganization (the "Plan") provides for the Restructuring of the debts of Zangle, Inc. (referred to herein as "Debtor"). If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim or accept the Plan, and whether or not their claims are allowed. All creditors should refer to Parts 1 – 5 of the Plan for information regarding the precise treatment of their claims. A disclosure statement that provides additional information is being circulated with the Plan. The disclosure statement is descriptive and explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## PART 1: SECURED CREDITORS

**Class 1(a). Pay Value of Lien against Collateral on Effective Date of Plan.**

Debtor will pay the amount of the underlying debt that is equal to the value of the lien against collateral in cash on the Effective Date of the Plan. If a lienholder disputes the value of the collateral stated below by Debtor, such lienholder must timely file an objection to

confirmation, or the value stated by Debtor will be determined to be the value of the collateral. Such objection shall be accompanied by competent evidence of value, but need not include an appraisal. If the value of the collateral is disputed, the court, after consultation with the parties, will schedule a hearing for determining value.

| Name of Creditor | Description of Collateral | Amount Due | Estimated Value of Collateral |
|---|---|---|---|
| E. Lynn Schoenmann, | Copyrights | $1.7 Million | $31.1 Million |
| Enter Net Development Corp | All assets assigned | $2.2 Million less amounts paid to E. Lynn Schoenmann | $68.6 Million |
| Vermont Equity Partners LLC | All assets of any nature | $1.06 Million | $68.6 Million |

Creditors in this class may not possess or dispose of their collateral so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10. This class is impaired and is entitled to vote on confirmation of the Plan. For instructions re voting see the Disclosure Statement.

## Part 2: GENERAL UNSECURED CREDITORS

**Class 2(a). Small Claims**.

This class includes any creditor whose allowed claim is $ 500.00 or less, and any creditor whose allowed claim is larger than $ 500.00 but agrees to reduce its claim to $ 500.00. Each member of this class shall receive on the Effective Date of the Plan a single payment equal to 100 percent of that creditor's allowed claim, or as voluntarily reduced by creditor.

**See Appendix A.**

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is

defined in Part 10. This class is impaired and is entitled to vote on confirmation of the Plan. For instructions re voting and objections to confirmation see the Disclosure Statement.

## PART 3: PRIORITY CLAIMS AND EXPENSES OF ADMINISTRATION

(a) **Professional Fees**. Professional fees may be paid only upon application and approval by the Bankruptcy Court. Holders of administrative claims for unpaid professional fees are not entitled to vote on confirmation of the Plan.

(1) Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
| --- | --- |
| Jeffrey B. Neustadt, Esq. Attorney for Debtor and Debtor in possession | $200,000 |

Administrative priority creditors may not take any collection against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10.

(b) **Other Administrative Claims**. Debtor will pay other claims entitled to priority under section 503(b) in full on the Effective Date. Ordinary course of business payments will be made when due. Holders of administrative claims are not entitled to vote on confirmation of the Plan.

| Name of Creditor (Other Than Ordinary Course) | Estimated Amount of Claim |
| --- | --- |
| NONE AT TIME OF PETITION | |

Administrative priority creditors may not take any collection action against Debtor so long as Debtor is not in Material Default in performing its obligations under the Plan. Material Default is defined in Part 10.

## PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) **Executory Contracts/Leases Assumed**. The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan and shall perform all obligations thereunder, both pre-confirmation and post-confirmation. Any pre-confirmation arrearage will be paid on the Effective Date, unless the parties agree otherwise, or the court finds that a proposed payment schedule provides adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

| Name of Lessor/Counterparty | Property Address or Description | Lease/Contract Arrears as of Effective Date |
|---|---|---|
| Enter Net Development Corp | Asset Acquisition – base payment | $ZERO |
| Enter Net Development Corp | Asset Acquisition – estimated payments | $ZERO |
| Vermont Equity Partners | License Fees, Startup Costs | $ZERO |
| GPSXPERTS LLC | Services Agreement – ongoing | $ZERO |
| Results ByIQ LLC | Services Agreement – ongoing | $ZERO |

(b) **Executory Contracts/Leases Rejected**. The Debtor rejects the following executory contracts and/or unexpired leases. Upon the date of the entry of the order confirming this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in paragraph (a) above. A proof of claim arising from the rejection of an executory contact or unexpired lease must be filed not later than sixty (60) days after the earlier of (i) the date of the order confirming this Plan or (ii) sixty (60) days after the first

meeting of creditors. Claims arising from rejection of executory contracts shall be included in Class 2 (general unsecured claims).

**See Appendix B.**

## PART 5: EQUITY INTERESTS

Shareholders of the Debtor shall retain their interests with their legal and equitable rights unaltered by the Plan. This class is not impaired and not entitled to vote on confirmation of the Plan.

## PART 6: DISPUTED CLAIMS

(a) **Distribution on Allowed Claims**. Debtor will make distributions only on account of undisputed claims. If a creditor has filed a proof of claim, that claim is considered disputed only if a party-in-interest has filed an objection to the claim. If a party has not filed a proof of claim, but its claim is listed in Debtor's schedules and is not scheduled as disputed, contingent, or unliquidated, such claim is considered disputed only if a party-in-interest has filed an objection to the claim. Listing a claim as disputed in the Plan, without filing an objection to the claim, does not make the claim a disputed claim.

(b) **Delayed Distribution on Disputed Claims**. Debtor will make no distribution on account of a claim to which an objection has been filed by a party-in-interest, until such claim is allowed by a final order. Instead, Debtor will establish and hold an appropriate reserve pending determination of the disputed claims, and will pay the appropriate amount to claimant once the dispute is resolved.

(c) **Settlement of Disputed Claims**. The Debtor is authorized to settle and compromise a disputed claim without a court approval if such claim has a liquidated value of less than $50,000,

otherwise with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## PART 7: LAWSUITS RESERVED

(a) Debtor retains, and may seek to enforce, the following claims against parties who are or were creditors of the bankruptcy estate, or officers, agents, and other parties related to creditors of the estate.

| Party | Nature of Action |
|---|---|
| Claremont Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Colton Joint Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Davis Joint Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Detroit Public Schools | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Fontana Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Manteca Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Oakland Schools - Michigan | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Ontario-Montclair School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Pleasanton Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Ventura County Office of Education | Past Due License Fees, Copyright infringement, breach of contract and |

| | |
|---|---|
| | related causes of action |
| Ventura Unified School District | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |
| Wayne County – RESA | Past Due License Fees, Copyright infringement, breach of contract and related causes of action |

(b) Debtor retains, and may seek to enforce, all claims against parties other than creditors of the estate, or officers, agents, or other parties related to creditors of the estate.

## PART 8: MEANS OF EXECUTION

The Plan will be funded through general operations, sale of licenses to exclusive territories, and investment activities.

## PART 9: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) **Discharge**. Confirmation of the Plan discharges Debtor from all debts provided for in the Plan, whether or not the creditor files a proof of claim, whether or not the creditor accepts the Plan, and whether or not the creditor's claim is allowed, except as provided in section 1141 of the Bankruptcy Code.

(b) **Vesting of Property**. On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.

(c) **Plan Creates New Obligations**. Except as provided in Part 10, paragraph (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan,

create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 10: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a) **Automatic Stay Vacated**: The automatic stay of section 362(a) of the Bankruptcy Code terminates as of the Effective Date of the Plan.

(b) **Creditor Action Restrained**. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, notwithstanding paragraph (a) above, a creditor may not take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in Material Default under the Plan, as defined in paragraph (c) below.

(c) **Material Default Defined**. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 10 calendar days after the time specified in the Plan for such payment or other performance, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 20 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court an extension of time to cure the default, or a determination that no default occurred, then Debtor is in Material Default under the Plan.

(d) **Remedies Upon Material Default**. Upon Material Default, an affected creditor may:
(i) Take any actions permitted under applicable non-Bankruptcy law to enforce the obligation due the affected creditor under the Plan, and may accelerate the time for performance of all payments and other performance due to the creditor over the course of the Plan and not yet performed at the time of the Material Default; or

Case 2:11-bk-21515-RN    Doc 2    Filed 03/18/11    Entered 03/18/11 09:18:10    Desc
Main Document    Page 9 of 18

(ii) File and serve a motion to convert the case to one under Chapter 7.

(e) **Claim not Affected by Plan**. Upon confirmation of the Plan, any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) **Effect of Conversion to Chapter 7**. If the case is at any time converted to one under Chapter 7:

(i) All property of the Debtor as of the date of conversion, whether acquired pre-confirmation or post-confirmation, shall vest in the Chapter 7 bankruptcy estate; and

(ii) All creditors, whether their claims arose pre-confirmation or post-confirmation, are prohibited from taking action against the Chapter 7 bankruptcy estate or property of the estate by section 362 of the Bankruptcy Code.

(g) **Retention of Jurisdiction**. This court shall retain jurisdiction over proceedings: (i) to determine whether Debtor has defaulted in performance of any Plan obligation; (ii) to determine whether the time for performing any Plan obligation should be extended; (iii) to determine whether the case should be converted to one under Chapter 7 (and proceedings following any such conversion); (iv) to determine whether Debtor is in Material Default; and (v) any enforcement action permitted under paragraph (d)(1) of Part 10 above.

## PART 11: GENERAL PROVISIONS

(a) **Effective Date of Plan**. The Effective Date of the Plan is the later of October 1, 2011 or the eleventh business day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, the Plan proponent may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will

be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) **Cramdown**. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors.

(c) **Severability**. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(d) **Binding Effect**. The rights and obligations of any entity named or referred to in the Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

(e) **Captions**. The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

(f) **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

(g) **Notices**. Any notice to the Debtor shall be in writing and mailed, and will be deemed to have been given three days after the date sent by first class mail, postage prepaid and addressed as follows:

Dated: March 11, 2011

/s/ Paul Charlton
As Chairman of the Board,
For Zangle, Inc.
Debtor

/s/ Jeffrey B. Neustadt, Esq.
Attorney for Debtor and
Debtor in Possession.

Case 2:11-bk-21515-RN    Doc 2    Filed 03/18/11    Entered 03/18/11 09:18:10    Desc
Main Document    Page 12 of 18

**Appendix A.**

| Name of Creditor | Amount of Claim | Is Claim Disputed? | Amount to be Paid |
|---|---|---|---|
| Aequitas Solutions Inc. | $ZERO | YES | $ZERO |
| Aequitas, LLC | $ZERO | YES | $ZERO |
| Alain J Baluyut | $ZERO | YES | $ZERO |
| Anaheim Union School District | $ZERO | YES | $ZERO |
| Anchorage School District | $ZERO | YES | $ZERO |
| Anita L Gates | $ZERO | YES | $ZERO |
| Anne Hamilton | $ZERO | YES | $ZERO |
| Ascendant Services | $ZERO | YES | $ZERO |
| Austin M Groszewski | $ZERO | YES | $ZERO |
| Bassett Unified School District | $ZERO | YES | $ZERO |
| Bellingham Public Schools | $ZERO | YES | $ZERO |
| Billings Public Schools | $ZERO | YES | $ZERO |
| Brian C Smith | $ZERO | YES | $ZERO |
| C Innovation, Inc. | $ZERO | YES | $ZERO |
| Cajon Valley Union School District | $ZERO | YES | $ZERO |
| Calhoun Intermediate School District | $ZERO | YES | $ZERO |
| Carmen T Birrell | $ZERO | YES | $ZERO |
| Carol Martin | $ZERO | YES | $ZERO |
| Chad E Hughes | $ZERO | YES | $ZERO |
| Chad Henderson | $ZERO | YES | $ZERO |
| Charles Lee | $ZERO | YES | $ZERO |
| Charlton Innovations, Inc. | $ZERO | YES | $ZERO |
| Christopher M Walker | $ZERO | YES | $ZERO |
| Clara E Camacho | $ZERO | YES | $ZERO |
| Claremont Unified School District | $ZERO | YES | $ZERO |
| Clark W Thompson | $ZERO | YES | $ZERO |
| Clovis Unified School District | $ZERO | YES | $ZERO |
| Colorado Springs School District #11 | $ZERO | YES | $ZERO |
| Colton Joint Unified School District | $ZERO | YES | $ZERO |
| Contra Costa County-Brentwood USD | $ZERO | YES | $ZERO |
| Corona-Norco Unified School District | $ZERO | YES | $ZERO |
| Crane Country Day School | $ZERO | YES | $ZERO |
| Davis Joint Unified School District | $ZERO | YES | $ZERO |
| Deborah S Adolphs | $ZERO | YES | $ZERO |
| Demetrius P Olsen | $ZERO | YES | $ZERO |

| | | | |
|---|---|---|---|
| Downey Unified School District | $ZERO | YES | $ZERO |
| Edgar F Garrobo | $ZERO | YES | $ZERO |
| Edward Lopez | $ZERO | YES | $ZERO |
| Edwin R Waite | $ZERO | YES | $ZERO |
| Enter Net Development Corp | $ZERO | YES | $ZERO |
| Eric Metson | $ZERO | YES | $ZERO |
| Erickson Aguinaldo | $ZERO | YES | $ZERO |
| Fontana Unified School District | $ZERO | YES | $ZERO |
| Fort Bend Independent School District | $ZERO | YES | $ZERO |
| Future Now Enterprises, LLC | $ZERO | YES | $ZERO |
| Gary P. Loyd | $ZERO | YES | $ZERO |
| Glendale Unified Schools | $ZERO | YES | $ZERO |
| Green Bay Area Public Schools | $ZERO | YES | $ZERO |
| Gregory Sorkin | $ZERO | YES | $ZERO |
| Gwen A Powell | $ZERO | YES | $ZERO |
| Hanford Elementary School District | $ZERO | YES | $ZERO |
| Hayward Unified School District | $ZERO | YES | $ZERO |
| Huntington Beach Union HSD | $ZERO | YES | $ZERO |
| Intelligroup | $ZERO | YES | $ZERO |
| Jacob Navas | $ZERO | YES | $ZERO |
| James K Martin | $ZERO | YES | $ZERO |
| James Ruvalcaba | $ZERO | YES | $ZERO |
| Jeff W Coray | $ZERO | YES | $ZERO |
| Jesse Evans | $ZERO | YES | $ZERO |
| John W. Uhler | $ZERO | YES | $ZERO |
| Joyce L Greenway | $ZERO | YES | $ZERO |
| Katy Independent School District | $ZERO | YES | $ZERO |
| Kenosha Unified School District 1 | $ZERO | YES | $ZERO |
| Lana Dancy | $ZERO | YES | $ZERO |
| Laura L Ciszek | $ZERO | YES | $ZERO |
| Lawrence M Cole | $ZERO | YES | $ZERO |
| Lewisville Independent School District | $ZERO | YES | $ZERO |
| Lompoc Unified School District | $ZERO | YES | $ZERO |
| Louis A Casselle | $ZERO | YES | $ZERO |
| Loyola High School of Los Angeles | $ZERO | YES | $ZERO |
| Maggie Groessl | $ZERO | YES | $ZERO |
| Maggie Groessl | $ZERO | YES | $ZERO |
| Manteca Unified School District | $ZERO | YES | $ZERO |
| Marge B Romasanta | $ZERO | YES | $ZERO |
| Mary D Langley | $ZERO | YES | $ZERO |
| Mary G Thompson | $ZERO | YES | $ZERO |
| Matt S Keillor | $ZERO | YES | $ZERO |

| | | | |
|---|---|---|---|
| Megan E Anderson | $ZERO | YES | $ZERO |
| Michael A O'Boyle | $ZERO | YES | $ZERO |
| Michael J Ramirez | $ZERO | YES | $ZERO |
| Michelle Selby | $ZERO | YES | $ZERO |
| Missoula County Public Schools | $ZERO | YES | $ZERO |
| Mountain View School District | $ZERO | YES | $ZERO |
| Mukilteo School District #6 | $ZERO | YES | $ZERO |
| New Haven Unified School District | $ZERO | YES | $ZERO |
| Oakland RESA | $ZERO | YES | $ZERO |
| Ontario-Montclair School District | $ZERO | YES | $ZERO |
| Palm Springs Unified School District | $ZERO | YES | $ZERO |
| Paul A Heath | $ZERO | YES | $ZERO |
| Paul B Stout | $ZERO | YES | $ZERO |
| Pleasanton Unified School District | $ZERO | YES | $ZERO |
| Pomona Unified School District | $ZERO | YES | $ZERO |
| Priscilla F. Schroeder | $ZERO | YES | $ZERO |
| Prism Prime, LLC | $ZERO | YES | $ZERO |
| Randy R. Robertson | $ZERO | YES | $ZERO |
| Rhonda Rutter | $ZERO | YES | $ZERO |
| Richard R Ojeda | $ZERO | YES | $ZERO |
| Riverside County Office of Education | $ZERO | YES | $ZERO |
| Roseville City School District | $ZERO | YES | $ZERO |
| Sacramento City Unified School District | $ZERO | YES | $ZERO |
| San Diego Unified School District | $ZERO | YES | $ZERO |
| San Juan Unified School District | $ZERO | YES | $ZERO |
| Sandra L Kratz | $ZERO | YES | $ZERO |
| Scott Yarborough | $ZERO | YES | $ZERO |
| Sharyle L Sponsler | $ZERO | YES | $ZERO |
| Sheila M Teuber | $ZERO | YES | $ZERO |
| Sheila Whalen | $ZERO | YES | $ZERO |
| Simi Valley Unified School District | $ZERO | YES | $ZERO |
| Solomon Enterprises, Inc. | $ZERO | YES | $ZERO |
| Spring Intermediate School Distrct | $ZERO | YES | $ZERO |
| St. Clair Intermediate School District | $ZERO | YES | $ZERO |
| Stephanie K Stout | $ZERO | YES | $ZERO |
| Stockton Unified School District | $ZERO | YES | $ZERO |
| TeleParent Educational Systems | $ZERO | YES | $ZERO |
| Terri A Walz | $ZERO | YES | $ZERO |
| Torrance Unified School District | $ZERO | YES | $ZERO |

| | | | |
|---|---|---|---|
| Tory S Joyce | $ZERO | YES | $ZERO |
| Ventura County Office of Education | $ZERO | YES | $ZERO |
| Ventura Unified School District | $ZERO | YES | $ZERO |
| Waukesha School District | $ZERO | YES | $ZERO |
| Wayne County RESA | $ZERO | YES | $ZERO |
| Whittier Union High School District | $ZERO | YES | $ZERO |
| William J Hopkins | $ZERO | YES | $ZERO |
| William W. Naughtin | $ZERO | YES | $ZERO |
| Z3 Development | $ZERO | YES | $ZERO |
| Zangle3 LLC | $ZERO | YES | $ZERO |

## Appendix B – Rejected Executory "Agreements"

| Name of Alleged Licensee | Property Description |
|---|---|
| Anchorage School District | Disputed License Rights - Zangle |
| Bassett Unified School District | Disputed License Rights - Zangle |
| Billings Public Schools | Disputed License Rights - Zangle |
| Contra Costa County-Brentwood USD | Disputed License Rights - Zangle |
| Cajon Valley Union School District | Disputed License Rights - Zangle |
| Calhoun Intermediate School District | Disputed License Rights - Zangle |
| Claremont Unified School District | Disputed License Rights - Zangle |
| Clovis Unified School District | Disputed License Rights - Zangle |
| Colorado Springs School District #11 | Disputed License Rights - Zangle |
| Colton Joint Unified School District | Disputed License Rights - Zangle |
| Corona-Norco Unified School District | Disputed License Rights - Zangle |
| Crane Country Day School | Disputed License Rights - Zangle |
| Davis Joint Unified School District | Disputed License Rights - Zangle |
| Downey Unified School District | Disputed License Rights - Zangle |
| Fort Bend Independent School District | Disputed License Rights - Zangle |
| Fontana Unified School District | Disputed License Rights - Zangle |
| Glendale Unified Schools | Disputed License Rights - Zangle |
| Green Bay Area Public Schools | Disputed License Rights - Zangle |
| Hanford Elementary School District | Disputed License Rights - Zangle |
| Hayward Unified School District | Disputed License Rights - Zangle |
| Intelligroup | Disputed License Rights - Zangle |
| Katy Independent School District | Disputed License Rights - Zangle |

| | |
|---|---|
| Kenosha Unified School District 1 | Disputed License Rights - Zangle |
| Lewisville Independent School District | Disputed License Rights - Zangle |
| Lompoc Unified School District | Disputed License Rights - Zangle |
| Loyola High School of Los Angeles | Disputed License Rights - Zangle |
| Manteca Unified School District | Disputed License Rights - Zangle |
| Missoula County Public Schools | Disputed License Rights - Zangle |
| Mountain View School District | Disputed License Rights - Zangle |
| Mukilteo School District #6 | Disputed License Rights - Zangle |
| New Haven Unified School District | Disputed License Rights - Zangle |
| Oakland Schools - Michigan | Disputed License Rights - Zangle |
| Ontario-Montclair School District | Disputed License Rights - Zangle |
| Palm Springs Unified School District | Disputed License Rights - Zangle |
| Pleasanton Unified School District | Disputed License Rights - Zangle |
| Pomona Unified School District | Disputed License Rights - Zangle |
| Riverside County Office of Education | Disputed License Rights - Zangle |
| Roseville City School District | Disputed License Rights - Zangle |
| Sacramento City Unified School District | Disputed License Rights - Zangle |
| San Diego Unified School District | Disputed License Rights - Zangle |
| San Juan Unified School District | Disputed License Rights - Zangle |
| Spring Intermediate School Distrct | Disputed License Rights - Zangle |
| St. Clair Intermediate School District | Disputed License Rights - Zangle |
| Stockton Unified School District | Disputed License Rights - Zangle |
| Torrance Unified School District | Disputed License Rights - Zangle |
| Ventura County Office of Education | Disputed License Rights - Zangle |
| Ventura Unified School District | Disputed License Rights - Zangle |
| Waukesha School District | Disputed License Rights - Zangle |
| Wayne County RESA | Disputed License Rights - Zangle |

| | |
|---|---|
| Whittier Union High School District | Disputed License Rights - Zangle |
| Ascendant Services | Disputed License Rights - Zangle |
| Huntington Beach Union HSD | Disputed License Rights - Zangle |
| Simi Valley Unified School District | Disputed License Rights - Zangle |
| TeleParent Educational Systems | Disputed License Rights - Zangle |
| Aequitas, LLC | Disputed License Rights - Zangle |
| Aequitas Solutions Inc. | Disputed License Rights - Zangle |
| Solomon Enterprises, Inc. | Disputed License Rights - Zangle |
| Enter Net Development Corp | Disputed License Rights - Zangle |
| C Innovation, Inc. | Disputed License Rights - Zangle |
| Charlton Innovations, Inc. | Disputed License Rights - Zangle |
| Future Now Enterprises, LLC | Disputed License Rights - Zangle |
| Prism Prime, LLC | Disputed License Rights - Zangle |
| Chad Henderson | Disputed License Rights - Zangle |
| Z3 Development | Disputed License Rights - Zangle |
| Gary P. Loyd | Disputed License Rights - Zangle |
| Zangle3 LLC | Disputed License Rights - Zangle |