1  Jeffrey B. Neustadt (SBN 57889)
   LAW OFFICES OF JEFFREY B. NEUSTADT
2  2740 Van Ness Ave, STE 300
   San Francisco, CA, 94109
3  Telephone: (415) 434-4440
   FAX: (415) 962-4221
4  email: jbneustadtlaw@sbcglobal.net

5  Attorney for Debtor and Debtor-in-Possession
   ZANGLE INC
6

7

                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9

10  In re:                          )   Case No.:      11-21515-RN
                                     )   (Chapter 11)
11  ZANGLE INC                       )
                                     )
12                        Debtor.    )   **EVIDENTIARY OBJECTIONS OF**
                                     )   **DEBTOR AND DEBTOR IN POSSESSION**
13                                   )   **TO E. LYNN SCHOENMANN'S MOTION**
                                     )   **FOR RELIEF FROM STAY**
14                                   )
                                     )   Hearing Date:      May 17, 2011
15                                   )   Hearing Time:      09:00am
                                     )   Place:             255 East Temple Street
16                                   )                      Courtroom 1645
                                     )                      16th Floor
17                                   )                      Los Angeles, CA
                                     )   Judge:             Hon. Richard Neiter
18                                   )
                                     )
19  _____)

20  TO:    THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY
          JUDGE AND ALL INTERESTED PARTIES
21

22

23

24

25

26

27

28

## **LEGAL STANDARD**

1.  As set forth below, the Debtor objects to the paragraphs and portions of paragraphs of (1) the Motion of E. Lynn Schoenmann for relief from stay, (2) declarations submitted concurrently therewith, and (3) her Memorandum of Points and Authorities in support thereof, on grounds that the statements set forth therein are inadmissible and should be excluded: (1) as irrelevant evidence (Fed. R. Evid. 402), (2) as irrelevant evidence on basis of unfair prejudice, confusion or waste of time (Fed. R. Evid. 403), (3) for declarant's lack of personal knowledge (Fed. R. Evid. 602), (4) as improper opinion testimony (Fed. R. Evid. 701 *et seq*) and (5) as inadmissible hearsay statements (Fed. R. Evid. 802).

2.  **Rule 402, Federal Rules of Evidence** states: "*Evidence which is not relevant is not admissible.*" That means "*evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.*" Rule 401, *id. See also* McCormick on Evidence, § 185 at 437 (2d Ed. 1972).

3.  Rule 403, Federal Rules of Evidence provides that where the probative value of evidence is "*substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*"

    "*Courts have recognized that it is sometimes desirable that such evidence, even though it may be relevant, should be excluded "where the minute peg of relevancy" will be entirely obscured by the dirty linen hung upon it.*" Lucero v. Donovan, 354 F.2d 16 (9th Cir. Cal. 1965).

4.  Rule 602, Federal Rules of Evidence requires a witness to have personal knowledge.

    "'*A declarant must show **personal knowledge** and competency to testify by the facts stated.*" **Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995)** *...The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay. Id. A declarant's mere assertions that he or she possesses **personal knowledge** and competency to testify are not sufficient. **Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999 (9th Cir. 1990).**'* Boyd v. City of Oakland, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006).

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 1**

5. <u>Rule 701, et seq, Federal Rules of Evidence</u> prohibit improper opinion testimony.

6. <u>Rule 802, Federal Rules of Evidence</u> prohibits hearsay, where "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

7. The Federal Rules of Evidence are hereinafter referred to as "FRE".

8. The Request for Judicial Notice filed concurrently herewith is hereinafter referred to as the "JUDICIAL NOTICE".

9. The Verified Complaint of Zangle Inc versus E. Lynn Schoenmann filed as matter 11-02136-RN pending before this Court and set forth as Exhibit C to the JUDICIAL NOTICE is hereinafter referred to as the "INTEREST ACTION".

10. The Declaration of Thomas F. Koegel submitted concurrently with the Motion is hereinafter referred to as "Decl. Koegel"

## SUMMARY OF OBJECTIONS

11. The purported "STATEMENT OF FACTS" in the Memorandum of the Movant is not a statement of facts, but instead, largely a set of opinions, arguments, and constant usage of the English language designed to inflame, not inform, the Court. Movant has a place in her motion for arguments and opinions, but, she is attempting to mislead the Court with her headings in an ill-conceived desire to persuade the Court of her opinions with a distinct lack of factual basis. She has her declarations and documents, and those, if admissible, are what she should use to support her arguments.

12. Throughout her Memorandum she injects the word "fraud" and phrases based thereon, without informing this Court that all of the allegations of fraud in her memo and her prior complaint are unsworn hearsay allegations contradictory to judicial findings of

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 2**

fact, and releases thereon, that she has promoted and adopted in that and related matters.
In accordance with Rule 1002, FRE, best evidence of those judicial findings is public
records as follows: (1) Declaration of E. Lynn Schoenmann, dated 8/1/2008, supporting
Motion for Approval of Settlement Agreement - Exhibit E to JUDICIAL NOTICE; (2)
Order of the bankruptcy court for the Northern District of California, in matter 06-
03139, approving settlement, Exhibit K to Decl. Koegel; (3) Order of the Utah divorce
court in Charlton v Charlton, Exhibit F to JUDICIAL NOTICE – ("not by fraud", at
page 31, paragraph 33; and "In very brief summary, the losses result from mistakes of a
newly-rich but unsophisticated business man, who invested badly, trusted others
unwisely, and then found his mistakes compounded by the plunging stock market and
technology collapse of 2000 and thereafter", at page 17, paragraph 55); and (4) the
release in her "Settlement Agreement", Exhibit F to Decl. Koegel at ¶ 15
("[Schoenmann] does hereby release, acquit, and forever discharge Anderson, Prism
Prime, Future Now, the Software Companies, and any and all of the subsidiaries [] from
any and all claims, actions, causes of actions, judgments [etc], which have arisen, are
arising, or may in the future arise [] from any and all disputes and claims arising under
or related to the Adversary Proceeding, the Charlton/Prism Prime Agreement, the
transfer of the Software Companies from the Debtor to Prism Prime, [etc]."

13. Also throughout her Memorandum, she uses the capitalized word "Defendants", which
is misleading and is used carelessly to refer, in the alternate, to the other parties to her
"Settlement Agreement", the defending parties to her "fraud" complaint, and sometimes
to a certain subset of the parties to the "Settlement Agreement".

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 3**

14. A close reading of the matters objected to shows by any standard that movant will go to any length to persuade the Court by inflammatory language designed to mislead (words such as: fraud, kamikaze, ubiquitous, destroy, de-value, destruction, destroying).

15. Additionally, in her rush to judgment, she has set forth certain facts directly contradictory to her own exhibits, and used them as the basis for her arguments, such as the formation date of Vermont Equity Partners LLC, which she states as 3/2/2011, but the Exhibit T, to Decl. Koegel clearly shows 3/2/2010.

## SPECIFIC OBJECTIONS

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|-----------------------|--------|------|------|-----------|
| 1 | However, VEP was not formed as a limited liability company until March 2, 2011 and the United States Copyright office's records indicate that the transfer occurred on March 2, 2011. | Memo FN6 | 4 | 20 | FALSE, misleading inference, see Exhibit T to Decl. Koegel, which identifies the date as 2010, not 2011; Rule 1002, FRE - not best evidence; Rule 602, FRE - speculation, rush to judgment |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 4**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 2 | The Prior Fraudulent Conveyances Of The Copyrights By Charlton, The Settlement Agreement And The Security Agreement | Memo Heading | 5 | 1 | Misleading to the Court; Res Judicata; there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 5**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 3 | In 2006, the Charlton Trustee commenced a fraudulent conveyance action (the "San Francisco Fraudulent Conveyance Action") in the Charlton Bankruptcy Case against Anderson, Prism Prime LLC, Enter Net and Future Now Enterprises (collectively, the "Defendants"). | Memo | 5 | 2 | Res Judicata;  there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 6**

| Item | Objectionable Material | Source | Page | Line | Objection |
|---|---|---|---|---|---|
| 4 | The complaint in the action alleged that Charlton had fraudulently conveyed his 100% ownership interests in the numerous companies which owned the Copyrights, to the Defendants. | Memo | 5 | 5 | Res Judicata;  there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 7**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 5 | A copy of the Charlton Trustee's amended complaint in the San Francisco Fraudulent Conveyance Action is annexed as Exhibit X to the Koegel Dec. | Memo FN12 | 5 | 17 | Res Judicata;  there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 8**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 6 | Specifically, according to an Agreement for Sale of Assets and Assumption of Debt and Obligations, dated September 25,2003 (the "2003 Agreement"), Charlton had transferred his 100% ownership interest in the companies owning the Copyrights for no consideration other than the assumption of certain debts and obligations because Charlton desired to "avoid the shame, mortification, hurt feelings, embarrassment humiliation, damage to peace of mind, emotional stress, injury in his occupation and damage to personal reputation and standing in the community resulting from personal bankruptcy. | Memo FN12 | 5 | 17 | Res Judicata; there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 9**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 7 | See 2003 Agreement, a copy of which is annexed to the Koegel Dec. as Exhibit Y. | Memo FN12 | 5 | 20 | Res Judicata;  there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 10**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 8 | With respect to this transaction, Charlton testified as follows at the 341 meeting i his Chapter 7 case Q. And what was the consideration that you received, Mr. Charlton, from selling these three business entities to Prism Prime LLC A. It was supposed to be peace of mind and not having to worry about any of their problems. Q. So there was no money you were receiving A. No cash consideration. Q. What was the value of the assets that were transferred from those three entities to Prism Prime, LLC A. If you don't adjust for all their liabilities, all the claims against them, I'd say somewhere in the range of $60 million, which is what third parties are claiming. And I think that there may be some basis to get there. See excerpts of September 28, 2004, 341 meeting in the Charlton Bankruptcy case, a copy of which is annexed as Exhibit Z to the Koegel Dec. at pp. 29-30. | Memo FN12 | 5 | 20 | Res Judicata; there has been judicial finding by a court of competent jurisdiction, adopted by Schoenmann, that there was "no fraud" on the part of Charlton; Unverified complaint is hearsay as to facts alleged therein; precluded by order approving settlement and Schoenmann's declaration regarding reasons for settlement;. Rule 802, FRE - Hearsay precluded; Rule 1002, FRE - best evidence is (1) "Finding of Facts" dated 2/27/2006, Exhibit F to JUDICIAL NOTICE, (2) "Memorandum Decision" dated 5/30/2006, at page 3, line 17, (3) Declaration of Schoenmann, dated 8/1/2008 regarding settlement, Exhibit E to JUDICIAL NOTICE, at page 1, paragraph 4, and (4) order approving settlement – Exhibit G to Decl. Koegel; Rule 403, FRE - allegations far more prejudicial than probative; Rule 602, FRE (allegations in the complaint are not made on personal knowledge of declarant); Rule 402 - FRE, irrelevant to any matter in her motion; |
| 9 | This would result in the destruction of the revenue stream from the Zangle software and the Copyrights, thereby destroying the value of the Copyrights to any potential purchaser. | Memo | 9 | 9 | Inflamatory - "destroying"; Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 403, FRE - unfair prejudice (fails to state that over 6 months had passed since default under the Security Agreement); |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 11**

| Item | Objectionable Material | Source | Page | Line | Objection |
|---|---|---|---|---|---|
| 10 | Finally, in the Plan filed by the Debtor on the Petition Date, the Debtor seeks to reject all executory contracts with the school districts. | Memo | 9 | 8 | Inflamatory - out of context - see Neustadt letter, Exhibit M to Decl. Koegel ("My client wishes to discuss options for creating a new license…"); Rule 1002 - Best Evidence is entire letter of Neustaft, Exhibit M to Decl. Koegel. See also, Decl. Charlton ¶ 44. |
| 11 | In both its schedule of executory contracts and its schedule of creditors holding unsecured nonpriority claims, the Debtor disputes the school districts' rights to use Zangle software, and has been contacting school districts and telling them that their licenses to use such software have been terminated, and that they no longer have the right to use their existing software. | Memo | 9 | 4 | Inflamatory - out of context - see Neustadt letter, Exhibit M to Decl. Koegel ("My client wishes to discuss options for creating a new license…"); Rule 1002 - Best Evidence is entire letter of Neustaft, Exhibit M to Decl. Koegel. See also, Decl. Charlton ¶ 44. |
| 12 | Both prior and subsequent to the Petition Date, the Debtor, knowing that the Charlton Trustee is seeking to sell either its rights under the Settlement Agreement, or the Copyrights a foreclosure, and that the Charlton Trustee has been negotiating with potential purchasers, has undertaken actions seeking to de-value the Copyrights to make them unattractive to potential purchasers. | Memo | 8 | 18 | Inflamatory - "de-value"; Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 403, FRE - unfair prejudice (fails to state that over 6 months had passed since default under the Security Agreement); |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 12**

| Item | Objectionable Material | Source | Page | Line | Objection |
|---|---|---|---|---|---|
| 13 | At all relevant times through the date hereof, the Charlton Trustee held and currently holds a perfected security interest in the Copyrights, which were granted to it pursuant to a Security Agreement and a Settlement Agreement (both as hereafter defined) executed in connection with bankruptcy court approved settlement of a fraudulent conveyance action commenced by the Charlton Trustee in the United States Bankruptcy Court for the Northern District of California in the Chapter 7 case of James Paulett Charlton ("Charlton"). | Memo | 1 | 14 | Rule 702, FRE (improper and inadmissible opinion testimony as to "perfected"); Rule 1002, FRE - best evidence is the public records of the United States Copyright Office - see generally, the INTEREST ACTION; Rule 602, FRE (not set forth by personal knowledge in any declaration) |
| 14 | As set forth in more detail below, on March 2, 2011, which was after an event of default had occurred under the Settlement Agreement, each of the following events occurred: | Memo | 1 | 21 | misleading - not "each of the following events", FALSE, misconstrues evidence - Rule 602, FRE -  (not set forth by personal knowledge in any declaration, as to "Charlton formed", and as to "2011 vs 2010"); Contradicts best evidence, Rule 1002, FRE - best evidence is Exhibit T to Decl. Koegel, which shows correct date as March 2, 2010 (not 2011) |
| 15 | [On March 2, 2011] (i) Charlton formed Vermont Equity Partners, LLC ("VEP"), a Delaware limited liability company; | Memo | 1 | 23 | FALSE, misconstrues evidence - Rule 602, FRE - (not set forth by personal knowledge in any declaration, as to "Charlton formed", and as to "2011 vs 2010"); Contradicts best evidence, Rule 1002, FRE - best evidence is Exhibit T to Decl. Koegel, which shows correct |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 13**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| | | | | | date as March 2, 2010 (not 2011) |
| 16 | [On March 2, 2011] (ii) the Copyrights were transferred by the Defendants in the San Francisco Fraudulent Conveyance Action to VEP; | Memo | 1 | 24 | Rule 602, FRE -  (not set forth by personal knowledge in any declaration); Contradicts best evidence, Rule 1002, FRE (best evidence is records of the United States Copyright Office, which show that on all dates from January 2003 to March 2, 2011 that the recorded owners of the copyrights were "Netel Educational Systems Inc", "SiCorp", "Sicorp Inc", and "Cygnus Educational Applications, Inc." - Declaration of Paul Charlton, submitted concurrently herewith; see also the verified INTEREST ACTION; Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel |
| 17 | The Chapter 11 petition is part of a new, nefarious scheme between Charlton and the fraudulent transfer defendant in the Northern District, Larry Anderson ("Anderson"). | Memo | 2 | 1 | Rule 602, FRE -  (not set forth by personal knowledge in any declaration); Rules 402, 403 FRE - (res judicata, irrelevant, prejudicial argument) |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 14**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 18 | Anderson through his own set of companies, had received a fraudulent transfer from Charlton in 2003, a wrong ultimately remedied in the Northern District Settlement Agreement. | Memo | 2 | 2 | Hearsay, contradicted by prior sworn statements of Schoenmann; Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 802 FRE - hearsay; Rule 1002, FRE (best evidence is Declaration of Schoenmann, dated, 8/1/2008, Exhibit E to JUDICIAL NOTICE) |
| 19 | The principals of the Debtor here, including Charlton, knowing that the Charlton Trustee was about to exercise her rights under the Settlement Agreement and that the loss of the Copyrights was imminent orchestrated with counsel, the transfers of the Copyrights and an exclusive worldwide license to a affiliate. | Memo | 2 | 5 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); |
| 20 | Taking the fraudulent acts one step further than the 2003 fraudulent transfer, they filed this sham of a Chapter 11 case to try to prevent the loss of the Copyrights at a foreclosure sale in the Charlton Bankruptcy Case. | Memo | 2 | 8 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 403, FRE - unfair prejudice (fails to state that over 6 months had passed since default under the Security Agreement); |
| 21 | Since the Petition Date, the Debtor has embarked on a kamikaze mission to destroy the value of the Copyrights to the Charlton Trustee or any successor thereof. | Memo | 2 | 11 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 403, FRE - unfair prejudice (fails to state that over 6 months had passed since default under the Security Agreement); |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 15**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 22 | Indeed, the Debtor's Chapter 11 petition admits that it has no "undisputed" unsecured creditors and that the Charlton Trustee is the only non-insider creditor. | Memo | 2 | 12 | Mischaracterizes the Petition; Enter Net Development Corp is not an insider; and there were no undisputed unsecured creditors who had come forward as of the petition date, the expectation is that a number of them will come forward and file claims prior to the claims bar date. Rule 1002, FRE - best evidence is the petition itself, taken in context. Rule 602, FRE - makes assumptions not set forth by personal knowledge in any declaration. |
| 23 | While feigning reorganization efforts by filing a plan of reorganization, which fails to satisfy virtually any of the requirements for confirmation set forth in § 1129 of the Bankruptcy Code, and which simply includes a promise to pay in October 2011, the $1,700,000 outstanding under the Settlement Agreement in the Charlton Bankruptcy Case, the Debtor has concomitantly sought to eliminate any semblance of cash flow from the Copyrights by sending notices to licensees that they are allegedly in default of their obligations and that they are prohibited from continuing to use their Zangle software. | Memo | 2 | 14 | Inflamatory - out of context - see Neustadt letter, Exhibit M to Decl. Koegel ("My client wishes to discuss options for creating a new license…"; Rule 1002 - Best Evidence is entire letter of Neustaft, Exhibit M to Decl. Koegel. See also, Decl. Charlton ¶ 44; Rule 602, FRE - (not set forth by personal knowledge in any declaration); |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 16**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 24 | The Debtor has simply taken a "mine or nobody's" attitude with respect to the Copyrights - if the Charlton Trustee does not negotiate wit the Debtor, then the Debtor will destroy the value of the Copyrights for everyone. | Memo | 2 | 20 | Inflamatory - out of context - see Neustadt letter, Exhibit M to Decl. Koegel ("My client wishes to discuss options for creating a new license…"; Rule 1002 - Best Evidence is entire letter of Neustaft, Exhibit M to Decl. Koegel. See also, Decl. Charlton ¶ 44; Rule 602, FRE -  (not set forth by personal knowledge in any declaration); |
| 25 | The Court should see through this blatant abuse of the bankruptcy process and vacate the automatic stay for cause pursuant to § 362(d)(I) of the Bankruptcy Code. | Memo | 2 | 23 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony; Rule 403, prejudicial inflamatory language |
| 26 | While the Debtor' actions also undoubtedly constitute cause for dismissal of this case under § 1112(b) of the Bankruptcy Code, the Charlton Trustee believes that stay relief is a more appropriate remedy a this time since, based upon the Charlton Trustee's history with the parties on this matter, dismissal would just give the Debtor and its principals the liberty to attempt to fraudulently transfer the Copyrights yet again to another related party. | Memo | 2 | 24 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration) - what parties?, specifically, what history, specifically?; Rule 702, FRE - improper opinion testimony;  Rule 403, prejudicial inflamatory language -- trying to imply things for which there is no basis in fact |
| 27 | The Charlton Trustee believes that the interests of justice would best be served if dismissal of this case was reserved for a time after foreclosure of her security interest in the Copyrights in the Charlton | Memo | 3 | 1 | Rule 602, opinion (not set forth by personal knowledge in any declaration); Rule 702 - improper opinion; Rule 403, prejudicial inflamatory language -- trying to imply things for which there is no basis in fact. |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 17**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| | Bankruptcy Case. | | | | |
| 28 | Also on March 2, 2011, the Debtor participated in a series of transactions which resulted in the transfer of assets to it. | Memo | 3 | 12 | Rule 602, FRE - (not set forth by personal knowledge in any declaration) |
| 29 | Specifically prior to March 2, 2011, Enter Net Development Corporation ("Enter Net") and/or C Innovation Inc. ("C Innovation") owned certain copyrights ("Copyrights") relating to a software program named Zangle, which was used primarily by school districts. | Memo | 3 | 13 | Rule 602, FRE - (not set forth by personal knowledge in any declaration); Contradicts best evidence, Rule 1002, FRE (best evidence is records of the United States Copyright Office, which show that on all dates from January 2003 to March 2, 2011 that the recorded owners of the copyrights were "Netel Educational Systems Inc", "SiCorp", "Sicorp Inc", and "Cygnus Educational Applications, Inc." - Declaration of Paul Charlton, submitted concurrently herewith; Copyright transfer - Exhibit U to Decl. Koegel. |

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 30 | On March 2, 2011, a new entity named Vermont Equity Partners, LLC ("VEP") was formed and the Copyrights were transferred by Enter Net and C Innovation to VEP. | Memo | 3 | 17 | FALSE, misconstrues evidence - Rule 602, FRE - (not set forth by personal knowledge in any declaration, as to "2011 vs 2010"); Contradicts best evidence, Rule 1002, FRE - best evidence is Exhibit T to Decl. Koegel, which shows correct date as March 2, 2010 (not 2011); Rule 1002, FRE (best evidence is records of the United States Copyright Office, which show that on all dates from January 2003 to March 2, 2011 that the recorded owners of the copyrights were "Netel Educational Systems Inc", "SiCorp", "Sicorp Inc", and "Cygnus Educational Applications, Inc." - Declaration of Paul Charlton, submitted concurrently herewith; Copyright Transfer – Exhibit U to Decl. Koegel |
| 31 | On the very same day [March 2, 2010], VEP transferred an exclusive worldwide license to the Copyrights to the Debtor, and the Debtor granted a security interest in the Copyrights and virtually all of its assets to VEP. | Memo | 3 | 19 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); VEP was formed in 2010 - Rule 1002, FRE (best evidence is Exhibit T to Decl. Koegel, which shows correct date as March 2, 2010 (not 2011) |
| 32 | A list of the Copyrights is set forth on Exhibit A to the Security Agreement. | Memo FN3 | 3 | 25 | The copyrights on the petition are a different list from the copyrights in Exhibit A to the Security Agreement - see TXu551607, TXu286903; Rule 1002 - best evidence, see Petition, Exhibit C to Decl. Koegel, Security Agreement itself, Exhibit H to Decl. Koegel. |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 19**

| Item | Objectionable Material | Source | Page | Line | Objection |
|---|---|---|---|---|---|
| 33 | As set forth infra at pp. 6-9, these transfers were done in violation of the Charlton Trustee's rights under a bankruptcy court approved Settlement Agreement. | Memo | 4 | 1 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 34 | The Debtor's Chapter 11 petition acknowledges that it has no "undisputed" unsecured creditors, | Memo | 4 | 5 | Rule 1002 - contradicts best evidence, see Debtor's Plan of Reorganization at page 2, Part 2, found as Exhibit N to Decl. Koegel; Rule 602, FRE - Missing Context (not set forth by personal knowledge in any declaration of Movant -- Debtor anticipates that those and others will file proofs of claim -- see Decl. Charlton at ¶ 37); |
| 35 | The Debtor now contests the validity of the Charlton Trustee' security interest. | Memo FN9 | 4 | 25 | Rule 602, FRE - (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 36 | As set forth infra at fn 37, the Debtor's contention is frivolous. | Memo FN9 | 4 | 25 | Rule 602, FRE - (not set forth by personal knowledge in any declaration); Rule 702, FRE – improper opinion testimony |
| 37 | On or about May 26, 2008, the Movant entered into a settlement agreement (the "Settlement Agreement") with the Defendants pursuant to which the Defendants agreed to pay the Charlton Trustee the sum of $2,600,000 over an approximately 4-1/2 year period as settlement of the San Francisco Fraudulent Conveyance Action. | Memo | 5 | 7 | Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel; Rule 702 - improper opinion testimony as to obligations of "the Defendants" |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 20**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 38 | In order to secure the Defendants' obligations under the Settlement Agreement, the Defendants and C Innovation entered into a Security Agreement, dated September 3, 2008 pursuant to which they granted a security interest in the Copyrights and the stock in C Innovation to the Charlton Trustee (the "Security Agreement) | Memo | 5 | 14 | Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel; Rule 702 - improper opinion testimony as to obligations of "the Defendants" |
| 39 | The Charlton Trustee perfected her security interest in the Copyrights by filing the Security Agreement in the U.S. Copyright Office on September 29, 2008. | Memo | 6 | 5 | Rule 702, FRE (improper and inadmissible opinion testimony as to "perfected"); Rule 1002, FRE - best evidence is the public records of the United States Copyright Office - see generally, the INTEREST ACTION; Rule 602, FRE (not set forth by personal knowledge in any declaration) |
| 40 | Pursuant to ¶ 10 of the Settlement Agreement, upon entry of the Default Order, the Charlton Trustee has the right to inter alia sell the Copyrights at a UCC foreclosure sale. | Memo | 6 | 14 | Misleading Statement, Not best evidence, see Settlement Agreement at ¶ 10; Rule 1002, FRE - best evidence is the document itself; Rule 702, FRE - improper opinion testimony |
| 41 | Additionally, under ¶ 6 of the Settlement Agreement, the Defendants were required to give the Charlton Trustee 30 days notice of any proposed transfer of the Copyrights, and under ¶ 2 o the Settlement Agreement, in the event of a sale of the Copyrights, the Charlton Trustee was to be paid all outstanding amounts due under the Settlement | Memo | 7 | 1 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration as to "sale", "transfer"); Rule 702, FRE - improper opinion testimony as to "required"; also stated obligation was extinguished by the judgment granted by that Court - Rule 1002, FRE - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 21**

| Item | Objectionable Material | Source | Page | Line | Objection |
|---|---|---|---|---|---|
| | Agreement at the closing of such sale. | | | | order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97 |
| 42 | The Defendants defaulted on their obligations under the Settlement Agreement by failing to make the $500,000 payment that was due on August 31, 2010. | Memo | 7 | 6 | Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel; Rule 702 - improper opinion testimony as to obligations of "the Defendants" since not all are obliged |
| 43 | On September 21,2010, the Bankruptcy Court in the San Francisco Fraudulent Conveyance Action entered the "Order Entering Joint Stipulation Regarding Judgment," which provides that the Defendants are indebted to the Charlton Trustee in the amount of $1,700,000 pursuant to the Settlement Agreement. | Memo | 7 | 9 | Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel; Rule 702 - improper opinion testimony as to liability of "the Defendants" |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 22**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 44 | As of the date hereof, the Charlton Trustee has not yet applied for entry of the Default Order (i.e., the judgment) under the Settlement Agreement, which is a prerequisite to a foreclosure sale of the Copyrights. | Memo | 7 | 12 | Misleads the Court -- she has a judgment, refer to Judgment Index, Exhibit H, JUDICIAL NOTICE; This is so, because the single order entered combined both of the individuals contemplated in the Settlement Agreement; See also, Docket, Exhibit L, to Decl. Koegel;  Rule 1002, FRE - - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97; Rule 602, FRE - not set forth by personal knowledge in any declaration; Rule 702, FRE - improper opinion testimony |
| 45 | The Clerk of the Court erroneously closed the San Francisco Fraudulent Conveyance Action. | Memo FN24 | 7 | 25 | Misleads the Court -- she has a judgment, refer to Judgment Index, Exhibit H, JUDICIAL NOTICE; This is so, because the single order entered combined both of the individuals contemplated in the Settlement Agreement; See also, Docket, Exhibit L, to Decl. Koegel;  Rule 1002, FRE - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 23**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| | | | | | Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97; Rule 602, FRE - not set forth by personal knowledge in any declaration; Rule 702, FRE - improper opinion testimony |
| 46 | The Charlton Trustee will be required to seek to reopen such proceeding in the event that the Court grants the instant motion. | Memo FN24 | 7 | 25 | Misleads the Court -- she has a judgment, refer to Judgment Index, Exhibit H, JUDICIAL NOTICE; This is so, because the single order entered combined both of the individuals contemplated in the Settlement Agreement; See also, Docket, Exhibit L, to Decl. Koegel;  Rule 1002, FRE - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97; Rule 602, FRE - not set forth by personal knowledge in any declaration; Rule 702, FRE - improper opinion testimony |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 24**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 47 | No prior notice of the transfer of the Copyrights was given to the Charlton Trustee as required by ¶ 6 of the Settlement Agreement, and no payments were made to the Charlton Trustee at the closing of the alleged sale of the Copyrights as required by ¶ 2 of the Settlement Agreement. | Memo | 8 | 2 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration as to "sale", "transfer"); Rule 702, FRE - improper opinion testimony as to "required"; also stated obligation was extinguished by the judgment granted by that Court -   Rule 1002, FRE - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97. |
| 49 | Counsel for the Debtor thereafter informed counsel for the Charlton Trustee of its intent to file a Chapter 11 petition, transmitted a proposed plan of reorganization and four page disclosure statement to counsel for the Charlton Trustee, and solicited the Charlton Trustee's acceptance to the proposed plan. | Memo | 8 | 13 | Not  Relevant, Rule 402 - FRE |
| 50 | The Copyrights generate revenues which purportedly come from licensing fees associated with the Zangle software. | Memo | 9 | 2 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 51 | In addition to the foregoing, the Debtor has, subsequent to the Petition Date, failed to comply with certain obligations as a debtor-in-possession. | Memo | 9 | 14 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 25**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 52 | First, the Debtor has failed to file an application seeking the retention of its counsel Jeffrey B. Neustadt ("Neustadt") in connection with this Chapter 11 case. | Memo | 9 | 14 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 53 | There are substantial issues as to whether Neustadt could even be retained as Debtor's counsel in this case because he does not appear to be "disinterested" within the meaning of § 101(14) of the Bankruptcy Code. | Memo | 9 | 16 | issues such as?  Speculation, misleading, inflammatory - Rule 403, FRE - allegations far more prejudicial than probative; Rule 602 - not based on personal knowledge; Title 11, section 101(14) states "(14) The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." |
| 54 | Specifically, Neustadt has: (i) represented the Debtor Charlton, in the Charlton Bankruptcy Case; (ii) solicited the Charlton Trustee in June 2010 and January 2011 to represent her in connection with potential litigation concerning the Copyrights; and (iii) in January 2011, which was prior to the Debtor's formation, | Memo | 9 | 19 | "represented an undisclosed party", "that was apparently seeking" - Rule 602, FRE - (not set forth by personal knowledge in any declaration); Irrelevant - Rule 402, FRE; |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY** - 26

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| | represented an undisclosed party that was apparently seeking to acquire title to, inter alia, the Copyrights. | | | | |
| 55 | Neustadt's ubiquitous nature and multiple representations make it impossible for him to be "disinterested" in this case, as required by § 327 of the Bankruptcy Code. | Memo | 10 | 2 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony regarding section 327, section 101(14) |
| 56 | Additionally, the Debtor's Plan is patently unconfirmable. | Memo | 10 | 5 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 57 | According to its schedules, the Debtor has no creditors other than the Charlton Trustee and the parties from whom it acquired the Copyrights and other insiders. | Memo | 10 | 6 | Rule 1002 - contradicts best evidence, see Debtor's Plan of Reorganization at page 2, Part 2, found as Exhibit N to Decl. Koegel; Rule 602, FRE - Missing Context (not set forth by personal knowledge in any declaration of Movant -- Debtor anticipates that those and others will file proofs of claim -- see Decl. Charlton ¶ 37); |
| 58 | Thus, there can exist no class of non-insider claims that can vote to accept the Plan, other than the Charlton Trustee, who will not support the Plan. | Memo | 10 | 7 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 27**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 59 | Hence, the Debtor will not be able to satisfy § 1129(a)(10)'s requirement that at least one class of creditors, not including the votes of insiders has voted to accept the Plan. | Memo | 10 | 10 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 60 | Additionally, the Plan consists of an unsupported promise to pay the full amount due to the Charlton Trustee under the Settlement Agreement within six months of the Petition Date. | Memo | 10 | 13 | Rule 602, FRE - Speculation as to "unsupported promise" (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 61 | According to Part 8 of the Plan, this payment will allegedly "be funded through general operations, sale of licenses to exclusive territories, and investment activities. | Memo | 10 | 13 | "allegedly"? - Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); |
| 62 | However, since the Plan provides that Debtor is seeking to reject all executory contracts for licenses for the Zangle software, and since letters from Debtor's counsel seem to indicate that the Debtor does not currently operate a business, there is no support for the contention that Debtor will have the ability to make the payment to the Charlton Trustee required under the Plan. | Memo | 10 | 17 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 63 | Thus, the Plan is not feasible within the meaning of § 1129(a)(11) of the Bankruptcy Code and cannot be confirmed. | Memo | 10 | 21 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY** - 28

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 64 | The Debtor's actions in this case are rife with bad faith and relief from the automatic stay for case should be granted so that the Trustee may, inter alia: (i) foreclosure upon and sell, the Copyrights; and (ii) commence appropriate actions including fraudulent conveyance and quiet title actions relating to the transfers of the Copyrights and execute on any judgments entered in such actions; and (iii) exercise all rights under the Settlement Agreement and Security Agreement. | Memo | 11 | 1 | Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony |
| 65 | This stipulation was filed with the Court after the Defendants in the San Francisco Fraudulent Conveyance Action defaulted under the Settlement Agreement by failing to make a $500,000 payment due on August 31,2010. | Decl Koegel | 3 | 9 | Rule 1002, FRE - contradicts best evidence (defendants to the action are not all liable on the Settlement Agreement) Exhibits F, X to Decl. Koegel; Rule 702 - improper opinion testimony as to obligations of "the Defendants" |
| 66 | Annexed hereto as Exhibit S is a true and correct copy of a schedule indicating that no post-petition payments have been received by the Charlton Trustee on her claim, arising out of the Settlement Agreement and Security Agreement. | Decl Koegel | 4 | 7 | The contents of Exhibit S is an unauthenticated writing of unknown origin.  Rule 602, FRE - (not set forth by personal knowledge in any declaration) |

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 29**

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 67 | Which purportedly transferred, inter alia, the Copyrights described in Exhibit A to the Security Agreement to VEP. Paragraph 25 of the Settlement Agreement provides that I am to receive a copy of all notices required to be given under such agreement, and ¶ 6 of the Settlement Agreement requires 30 days written notice be sent prior to a transfer of the Copyrights. I never received any notice of the purported transfer of the Copyrights to YEP, which was required by ¶ 6 of the Settlement Agreement. | Decl Koegel | 4 | 13 | Improper argument and opinion, not set forth based on personal knowledge. Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration as to "sale", "transfer"); Rule 702, FRE - improper opinion testimony as to "provides", "requires" - stated obligations were extinguished by the judgment granted by that Court - Rule 1002, FRE - best evidence is Judgment Index, Exhibit H JUDICIAL NOTICE, Order Regarding Judgment, Exhibit K to Decl. Koegel, Proposed order no. 1 "Order Entering Joint Stipulation Regarding Judgment" – Decl Koegel at Exhibit F, page 68 of 97, Proposed order no. 2 "Order of Judgment", Decl Koegel at Exhibit F, page 80 of 97. |
| 68 | which purportedly transferred a 20 year exclusive worldwide license in, inter alia, the Copyrights to the Debtor. | Decl Koegel | 4 | 22 | "purportedly" - Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony; Rule 802, FRE - Hearsay |
| 69 | Alleged sole owner of licensing rights to the Copyrights | Decl Shoenmann | 1 | par 5(d) | "alleged" - Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony; Rule 802, FRE - Hearsay |

| Item | Objectionable Material | Source | Page | Line | Objection |
|------|------------------------|--------|------|------|-----------|
| 70 | "Debtor's alleged termination of licenses to clients using the Zangle software." | Decl Shoenmann | 3 | par 13 | "alleged", misconstrues contents of Neustadt letter out of context - Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony; Rule 802, FRE - Hearsay; Rule 1002 - FRE - Best evidence is Exhibit M to Decl Koegel (Letter of Neustadt) |
| 71 | pursuant to which the Debtor purportedly granted a security interest to YEP. | Decl Koegel | 4 | 26 | "purportedly" - Rule 602, FRE - Speculation (not set forth by personal knowledge in any declaration); Rule 702, FRE - improper opinion testimony; Rule 802, FRE - Hearsay |
| 72 | "true and correct copy" | Decl Shoenmann | 2 | par 9 | The contents of Exhibit S is an unauthenticated writing of unknown origin.  Rule 602, FRE - (not set forth by personal knowledge in any declaration) |

Dated:  May 3, 2011

/s/ Jeffrey B. Neustadt, Esq.
Attorney for Debtor and
Debtor in Possession.
ZANGLE INC

**EVIDENTIARY OBJECTIONS OF DEBTOR AND DEBTOR IN POSSESSION
TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 31**