Jeffrey B. Neustadt (SBN 57889)
LAW OFFICES OF JEFFREY B. NEUSTADT
2740 Van Ness Ave, STE 300
San Francisco, CA, 94109
Telephone: (415) 434-4440
FAX: (415) 962-4221
email: jbneustadtlaw@sbcglobal.net

Attorney for Debtor and Debtor-in-Possession
ZANGLE INC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>ZANGLE INC<br><br>                    Debtor. | Case No.:    11-21515-RN<br>(Chapter 11)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY**<br><br>Hearing Date:    May 17, 2011<br>Hearing Time:   09:00am<br>Place:                255 East Temple Street<br>                         Courtroom 1645<br>                         16th Floor<br>                         Los Angeles, CA<br>Judge:               Hon. Richard Neiter |

TO:    THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY

JUDGES AND ALL INTERESTED PARTIES

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF FACTS ...................................................................................................1

II.   ARGUMENT

    A.  ACTION TO DETERMINE INTEREST OF PARTY
        IN PROPERTY OF ESTATE MUST BE ADVERSARY PROCEEDING.............2

        i.  SCHOENMANN LACKS STANDING TO BRING HER MOTION.........3

    B.  "GOOD FAITH" PREVAILS OVER "NEW DEBTOR SYNDROME" ................4

    C.  RES JUDICATA ..................................................................................................5

    D.  DEBTOR'S PLAN MEETS CONFIRMATION REQUIREMENTS

        i.  SCHOENMANN'S CONSENT IS NOT REQUIRED TO APPROVE
           THE PLAN OF REORGANIZATION ..................................................6

        ii. DEBTOR ANTICIPATES ALLOWABLE CLAIMS TO BE FILED ........6

    E.  LACHES ..............................................................................................................6

III.  CONCLUSION ...................................................................................................................7

## I. STATEMENT OF FACTS

The Declaration of Charlton (hereinafter, "CHARLTON") filed concurrently herewith, is hereby incorporated by reference as if set forth fully herein. The Declaration of Thomas F. Koegel (hereinafter, "KOEGEL") filed with the instant motion requesting relief from stay is hereby incorporated by reference. The Personal Property Declaration of E. Lynn Schoenmann (hereinafter, "SCHOENMANN") is hereby incorporated by reference. The Request for Judicial Notice filed concurrently herewith (hereinafter, "JUDICIAL NOTICE") is hereby incorporated by reference. The Verified Complaint of Zangle Inc versus E. Lynn Schoenmann (hereinafter, the "INTEREST ACTION"), filed as matter 11-02136-RN, pending before this Court, and set forth as Exhibit C to the JUDICIAL NOTICE is hereby incorporated by reference as if set forth fully herein. The Evidentiary Objections filed concurrently herewith are hereinafter referred to as the OBJECTIONS.

As is shown in CHARLTON, this bankruptcy case is the result of the fourth known attempt of Naughtin and others to sabotage an ongoing business concern so that they could usurp control over the Zangle Student Information System product suite (hereinafter, "ZSIS"). In fact, Mr. Charlton, the current chairman of the Debtor, got introduced to the ZSIS in 1999 as a result of Naughtin's first attempt to wrest control from the owners at that time. Mr. Charlton provided substantial capital and brought the business back together. Later, unbeknownst to Charlton at that time, Naughtin engineered another set of sabotage that was a substantial factor in the transfer of the ZSIS business to Anderson, and also a substantial factor in creating the debts and atmosphere that led to the bankruptcy filing of Mr. Charlton in August 2004. Again, in 2006, Naughtin tried to sabotage the new owner, Anderson, and was caught and held accountable by judicial TRO issued by the Los Angeles Superior Court in Pomona. Anderson and Naughtin settled at that time, but then again, in December 2008, Naughtin, from outside of the ZSIS company, engineered a new takeover attempt and formed Aequitas Solutions Inc, a defendant in a core adversary proceeding before this Court, matter 11-01876-RN. Although TRO were already issued against Naughtin *et. al.* in the latest state court actions, that latest sabotage attempt was the primary contributing factor in the failure of the companies managed by Anderson to

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 1**

make a payment to Schoenmann (Movant herein) in August 2010, on account of their settlement agreement that they had reached in May 2008.

Schoenmann is the Chapter 7 trustee in the bankruptcy of Mr. Charlton, a case which is still open nearly 7 years after its filing. Her adversary case against Anderson in the Northern District, matter 06-03139, was filed in August 2006, and alleges fraud on the part of Mr. Charlton in his involvement with Anderson, and fraudulent conveyance based on the lack of sufficient consideration. Of note is that many of the allegations of her August 2006 complaint are in direct contradiction to the findings adopted by the Honorable Judge Carlson on May 30, 2006 by his memorandum decision in the main case 04-32400 – see Exhibit G of JUDICIAL NOTICE, Exhibit L – KOEGEL. Also of note is that her own sworn declaration in support of her motion to approve the settlement agreement with Anderson and the companies managed by him, and the findings in the order based thereon, are contradictory to most of the allegations she sets forth in inflammatory language in her memorandum in support of the current motion for relief from stay – see OBJECTIONS.

As is shown in CHARLTON, this bankruptcy case presents substantial public interests that we are asking this Court to protect from predators and pirates such as Naughtin in the core adversary proceeding removed to this Court. The primary customers and users of the Zangle software are over one million (1,000,000) K12 school children, parents, teachers, and public school administrators.

## II.    ARGUMENT

### A. ACTION TO DETERMINE INTEREST OF PARTY IN PROPERTY OF ESTATE MUST BE ADVERSARY PROCEEDING

A proceeding to determine the validity, priority, or extent of a lien or other interest in property is an adversary proceeding - Fed. R. Bankr. P. 7001(2).

Schoenmann's "claim" is listed on the debtor's schedules to its petition as "contingent, disputed, unliquidated" – (see Schedule D of Petition, Exhibit C – KOEGEL), a fact which she does not dispute. Schoenmann has not filed a proof of claim, nor proof of interest. The nature of her interest in property of the estate, if any, must be determined by adversary proceeding already

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 2**

brought by the Debtor – Rule 7001, Fed. Rules Bank. Proc., see also - INTEREST ACTION.

Accordingly, Schoenmann is not a "party in interest", as defined in 11 USC § 1109(b), at this time, and is not entitled to bring the instant motion, therefore this Court should deny her motion without prejudice until the true nature of her interest is judicially determined by the adversary matter 11-02136-RN pending before this Court.

### i. SCHOENMANN LACKS STANDING TO BRING HER MOTION

Request for relief from stay may be brought only by a "party in interest" – 11 USC § 362(d). It is undisputed that Schoenmann's "secured claim" is listed on the Debtor's petition Schedule D – Exhibit C to KOEGEL, as "contingent, disputed, unliquidated". Schoenmann has not filed a proof of claim. The Debtor has commenced an adversary proceeding to determine her interest in property of the estate – Exhibit C, JUDICAL NOTICE. Even the documents filed by Schoenmann in support of her motion are unclear as to her status, for the reasons set forth in the verified "INTEREST ACTION".

As set forth in SCHOENMANN, she is claiming an interest in the "Licensing Rights of the Copyrights" – SCHOENMANN at ¶ 3. The right to license, or sublicense, a copyright is just one of many rights appurtenant to ownership of a copyright – 17 USC § 106.

As set forth in the INTEREST ACTION, the lien arising from Schoenmann's Security Agreement does not appear to have been perfected. Also, as set forth in the INTEREST ACTION, Schoenmann does not appear to have perfected a judgment lien.

As noted in the INTEREST ACTION, the lien is not perfected since the documents filed with the copyright office by Schoenmann, Exhibit H - KOEGEL, have the following defects: (1) they are not complete in and of themselves - 37 CFR 201.4(c)(2), and (2) the recorded chain of title is incomplete and broken as the security interest purported in the documents she filed is not granted by the record owner, or apparent agent thereof, of those copyrights as of that date – 17 USC § 204(a), ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.").

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 3**

1    Schoenmann's position is clearly not that of a judgment lien creditor, as it appears that
2 she never sought execution on her judgment or recorded the judgment with any appropriate
3 public records office such as the California Secretary of State, See – INTEREST ACTION.

4    From the forgoing, it appears likely that Schoenmann's position is that of a judgment
5 creditor against the other parties to the Settlement Agreement, and has no actual interest in
6 property of the Debtor – see, INTEREST ACTION

7    Accordingly, at best, Schoenmann's status is inferior to that of the Debtor – 11 USC §
8 542, and her request for relief from stay has no purpose recognized by law, therefore this Court
9 should deny her motion without prejudice and continue the automatic stay with respect thereto
10 until the true nature of her interest is judicially determined by the appropriate proceedings in
11 matter 11-02136-RN pending before this Court.

### B.  "GOOD FAITH" PREVAILS OVER "NEW DEBTOR SYNDROME"

Even if factors of the new debtor syndrome are present, it is an abuse of discretion to lift an automatic stay before giving a debtor a reasonable opportunity to propose a confirmable plan and protect its equity - *In re Can-Alta Properties, Ltd.*, 87 B.R. 89, 92-93 (9th Cir. BAP 1988), which reversed the lifting of the automatic stay.

Good faith cannot be denied if it is apparent that the purpose of the petition is to attempt a speedy and efficient reorganization - *In re Arnold*, 806 F.2d 937 (9th Cir. 1986), which reversed the lifting of the automatic stay.

Both *Can-Alta, supra*, and *Arnold, supra*, were cited by Schoenmann in her motion and are also binding on this Court.

If the purpose of the bankruptcy is to attempt a speedy and efficient reorganization, good faith cannot be denied - *Duvar Apt. v. FDIC (In re Duvar Apt.)*, 205 B.R. 196, 201-202 (B.A.P. 9th Cir. Cal. 1996).

Once a prima facie case of "new debtor syndrome" is established, the burden shifts to the debtor to demonstrate a good faith business reason for the transfer and chapter filing - *In re Eighty South Lake, Inc.*, 63 B.R. 501, 508 (Bankr. C.D. Cal. 1986).

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR
AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR
RELIEF FROM STAY - 4**

The transfer of assets to the Debtor was the result of an arm's length business transaction resulting from the January settlement between Mr. Charlton and the corporations managed by Anderson – CHARLTON, at ¶¶ 20-30.

Among the reasons for the filing of the petition is the need to clear the cloud over the title to ZSIS created by Aequitas, to reduce the cost of capital, and to quickly identify and eliminate purported and rumored claims by the use of the bankruptcy claims process so that a reorganization could be accomplished in a few months elapsed time – CHARLTON, at ¶¶ 34-38, 49.

Accordingly, the Debtor has shown good faith in both the business reason for the transfer and the chapter filing and fully rebutted the presumption arising from the factors of "new debtor syndrome", therefore this Court should deny her motion and continue the automatic stay with respect to all property of the estate identified in her motion.

### C. RES JUDICATA

Schoenmann attempts to bootstrap her entire argument of bad faith on an allegation of fraud that she is judicially estopped from raising for multiple reasons: (1) even at the time she filed her "fraudulent conveyance action", in August of 2006, with allegations alleging fraud and collusion between Charlton and Anderson, Judge Carlson of the Northern District Bankruptcy Court overseeing the main-case proceeding had already issued a Memorandum Decision on May 30, 2006 with findings adopted from Mr. Charlton's Utah divorce proceeding, that stated that there was no fraud on the part of Mr. Charlton in his management of his affairs. Additionally, Ms. Schoenmann settled her claims with Anderson and the companies he managed, with a settlement agreement that does not find fault with any of the parties, and bars the parties from raising those issues as future claims – Exhibit F to Decl. Koegel at ¶ 15, OBJECTIONS; (2) allegations in Schoenmann's current motion are also superseded by her own sworn testimony in Declaration of E. Lynn Schoenmann, dated 8/1/2008, supporting Motion for Approval of Settlement Agreement - Exhibit E to JUDICIAL NOTICE; and (3) allegations in Schoenmann's current motion are also superseded by Order of the bankruptcy court for the Northern District of California, in matter 06-03139, approving settlement, Exhibit K to Decl. Koegel;

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 5**

### D. DEBTOR'S PLAN MEETS CONFIRMATION REQUIREMENTS

#### i. SCHOENMANN'S CONSENT IS NOT REQUIRED TO APPROVE THE PLAN OF REORGANIZATION

If Schoenmann cannot establish her interest in property of the estate by adversary proceeding, she is not a party in interest entitled to vote on the plan of reorganization since, at the present time, Schoenmann's interest is disputed, she does not have allowed claim, and she is not able to vote on the plan – 11 USC § 1126.

As shown herein above, Schoenmann acknowledges that her interest in property of the estate is disputed, unliquidated, and contingent – see also, INTEREST ACTION.

Even if Schoenmann establishes an undisputed interest in property of the estate by adversary proceeding, and therefore her eligibility to vote on the Plan, her consent to a plan is deemed granted by Schoenmann if (a) her interest is not impaired - 11 U.S.C. § 1129(a)(8)(B), or (b) if she receives no less than the amount she would receive under Chapter 7 of the Bankruptcy Code - 11 U.S.C. § 1129(a)(7)(A)(ii).

#### ii. DEBTOR ANTICIPATES ALLOWABLE CLAIMS TO BE FILED

Debtor anticipates that of the parties given notice to the bankruptcy, at least a dozen will file proofs of claims which may be allowable, those parties would be entitled to vote on confirmation of the plan – 11 USC § 1126, CHARLTON at ¶ 37, additionally, Enter Net Development Corp is entitled to vote on the plan – see petition, Exhibit C to KOEGEL.

### E. LACHES

Schoenmann has delayed the exercise of her rights by nearly 8 months, and allowed the business obligors to her settlement agreement to fail 6 months ago, while she stood by and did nothing – KOEGEL at ¶ 11, CHARLTON at ¶ 23. If there has been a diminution in value of her collateral, it is largely attributable to the passage of time while she stood by. That passage of time has caused prejudice to all stakeholders in the ZSIS, including over one million students, their parents, their teachers, and the employees who depended on it for their livelihood. Their licenses to use ZSIS were terminated as a result of the business failure in November 2010, and this reorganization is the means to quickly reinstate their status.

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR RELIEF FROM STAY - 6**

### III. CONCLUSION

WHEREFORE, this Court should deny Schoenmann's request for relief from stay at this time, and continue the automatic stay, without prejudice.

Dated: May 3, 2011

/s/ Jeffrey B. Neustadt, Esq.
Attorney for Debtor and
Debtor in Possession.
ZANGLE INC

**MEMORANDUM OF POINTS AND AUTHORITIES FOR OPPOSITION OF DEBTOR
AND DEBTOR IN POSSESSION TO E. LYNN SCHOENMANN'S MOTION FOR
RELIEF FROM STAY - 7**